UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOSEPH HAZELAAR,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY PUBLIC DEFENDER'S OFFICE; et al.,<br><br>    Defendants.<br>_____/ | No. C 07-6079 SI (pr)<br><br>**ORDER OF DISMISSAL** |

    Larry Joseph Hazelaar has filed a pro se civil rights complaint under 42 U.S.C. § 1983 in which he alleges that his public defender provided ineffective assistance in advising him to enter a guilty plea in his criminal case in 2000 in Santa Cruz County. Hazelaar initially received probation upon his conviction but then violated the terms of his probation and was sent to prison. He has completed his prison sentence. Hazelaar also applies to proceed in forma pauperis and requests that counsel be appointed to assist him in this action.

    The court must dismiss an in forma pauperis action at any time if the court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

1  State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Hazelaar cannot sue the public defender under § 1983 for alleged acts and omissions relating to his representation of Hazelaar during Hazelaar's criminal case. Because the public defender is not considered to be acting under color of state law, one of the essential elements for a claim for relief is missing and a claim is not stated under § 1983. Hazelaar's remedy, if any, may only be in state court. This action is dismissed for failure to state a claim upon which relief may be granted.

The court will not appoint counsel to represent Hazelaar in this action because the action is being dismissed.

The application to proceed in forma pauperis is GRANTED. (Docket # 2.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: December 4, 2007

_____
SUSAN ILLSTON
United States District Judge

2